```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
              3:08CV483-MU-02
```

| | |
|---|---|
| JOSEPH BRIAN TARLETON,  )<br>    Petitioner,  )<br>                        )<br>      v.            )<br>                        )<br>RICKY ANDERSON, Admin., )<br>    Respondent.         )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on Petitioner's Motion to Allow Adequate Time to Respond to Respondent's Motions, filed February 23, 2009 (document # 9); and on Respondent's Motion for Summary Judgment, filed March 20, 2009 (document # 11).

The record reflects that Petitioner filed a § 2254 Petition on October 22, 2008; that Respondent filed his combined Response and Motion for Summary Judgment on March 20, 2009; that Petitioner filed a response to that Motion on May 7, 2009; and that Petitioner filed his own Motion for Summary Judgment on May 11, 2009. Thus, to the extent that Petitioner already has responded to all of Respondent's outstanding Motions, his Motion to Allow Adequate Time will be <u>dismissed</u> as moot.

Notwithstanding his response, however, in light of Petitioner's failure to submit an affidavit or other support for his response, the Court finds that Petitioner should formally be apprised of his obligations in this regard and given an opportunity fully to respond.

**PETITIONER TARLETON, PLEASE CAREFULLY READ THIS:**

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of the burden that he carries in responding to Respondent's motion. Indeed,

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008). This language means that if Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or unsworn statements must be presented by Petitioner to this Court within thirty (30) days of the entry of this Order. As stated by Rule 56(e)(2), Petitioner's failure to respond may result in granting summary judgment to Respondent, that is, in the dismissal of his habeas Petition with prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED that** no later than thirty (30) days from the date of this Order, Petitioner shall file a response to Respondent's Motion for Summary Judgment as herein explained.

**SO ORDERED.**

Signed: October 9, 2009

Graham C. Mullen
United States District Judge