UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-483-RJC

| | |
|---|---|
| JOSEPH BRIAN TARLETON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICKY ANDERSON, Admin., )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's motion for entry of default, (Doc. No. 20), his Motion for Default Judgment, (Doc. No. 28), and his motion for appointment of counsel, (Doc. No. 29).

On October 22, 2008, Petitioner filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1). The Petition sets forth thirty-three claims for relief. (Id.).

On December 30, 2008, the Court entered an Order directing Respondent to answer Petitioner's allegations. (Doc. No. 5). On March 20, 2009, Respondent timely filed its response, (Doc. No. 10), along with a Motion for Summary Judgment and Supporting Brief. (Doc. Nos. 11 and 12, respectively).

On May 11, 2009, Petitioner filed his own Motion for Summary Judgment. (Doc. No. 19). His Motion, inter alia, reiterates many of the allegations and assertions set forth in Petitioner's Petition and its attachments, but further complains that Respondent's "answer and supporting brief confuses and/or ignores and/or avoids the true issues and documented facts." (Doc. No. 19 at 4).

On August 13, 2009, Petitioner filed a document captioned as an "Affidavit of Default," essentially complaining that Respondent has failed to respond to some of the claims in his § 2254 Petition and to file any response to his Motion for Summary Judgment. (Doc. No. 20 at 2-3). Accordingly, such document asks the Court to enter Respondent's default on the record. (Id. at 3).

On March 21, 2011, Petitioner filed a Motion for Default Judgment, (Doc. No. 28). This Motion reiterates that Respondent has failed to respond to all of his claims and to his Motion for Summary Judgment. (Id.).

Lastly, on September 14, 2011, Petitioner filed a motion for appointment of counsel. (Doc. No. 29). Petitioner explains that he needs the assistance of counsel "for the purpose of expanding the record and to issue subpoenas[,] to prepare for an evidentiary hearing[, and] to take sworn testimony from individuals who possess personal knowledge of multiple violations utilized before and during [his] 2006 trial . . . ." (Id. at 1).

**Petitioner's Motions for Entry of Default and Default Judgment**

Petitioner's Affidavit of Default asks the Clerk to enter Respondent's default on the record for his alleged failure to respond to all of the claims in Petitioner's Petition. (Doc. No. 20 at 3). However, Petitioner does not precisely identify the claims to which he believes Respondent has failed to respond. Rather, Petitioner merely contends that Respondent "completely ignor[ed] 16 to 17 of [his] grounds for relief." (Id. at 2). Respondent's Supporting Brief, (Doc. No. 12), identified each of Petitioner's claims, placed the claims into two groups, responded to the purported merits of both groups of claims, argued that all but two of Petitioner's claims were procedurally barred, and responded separately to the remaining two claims. (Id. at 9-23). Therefore, Petitioner's request for an entry of default on this basis must be

2

denied.

Petitioner's Affidavit of Default also asks for an entry of default for Respondent's failure to respond to his Motion for Summary Judgment. (Doc. No. 20 at 3). The Court construes this as an argument for granting Petitioner's Motion for Summary Judgment on the basis that Respondent failed to carry its burden under Federal Rule of Civil Procedure 56. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court will resolve Petitioner's Motion for Summary Judgment at the same time that it resolves Respondent's Motion for Summary Judgment. Petitioner's Affidavit of Default, (Doc. No. 20), is **DENIED** at this time.

The Court turns next to Petitioner's Motion for Default Judgment. (Doc. No. 28). Pursuant to the Federal Rules of Civil Procedure, a default judgment can be entered only after the Court has found a party in default. FED. R. CIV. P. 55(b)(2). Indeed, "[t]he entry of default is a procedural prerequisite to the entry of a default judgment." Eagle Fire Inc. v. Integrated Controls, Inc., 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006) (unpublished). In the instant case, the Court has neither found Respondent in default nor entered a default against him. Accordingly, Petitioner's Motion for Default Judgment, (Doc. No. 28), must be **DENIED**.

**Petitioner's Motion for appointment of counsel**

Petitioner seeks the appointment of counsel to assist him with his case. (Doc. No. 29). However, there is no constitutional right to the assistance of counsel in proceedings under 28 U.S.C. § 2254. Crowe v. United States, 175 F.2d 799, 801 (4th Cir.1949). Rather, 18 U.S.C. § 3006A(2)(B) gives the Court discretion to appoint counsel for financially eligible persons proceeding under 28 U.S.C. § 2254 when the interests of justice so require. Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254, requires the Court to appoint counsel only when a petitioner needs assistance in a court-ordered discovery process. Neither of these

circumstances exist here. Moreover, the Court finds that Petitioner has adequately represented himself in these proceedings. Therefore, Petitioner's Motion for appointment of counsel, (Doc. No. 29), will be **DENIED**.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's request for entry of default, (Doc. No. 20), is **DENIED**;

2. Petitioner's Motion for Default Judgment, (Doc. No. 28), is **DENIED**; and

3. Petitioner's motion for appointment of counsel, (Doc. No. 29), is **DENIED.**

**SO ORDERED.**

Signed: November 29, 2011

Robert J. Conrad, Jr.
Chief United States District Judge